# Howard-Harrison Iron Co. v. Tillman.

*Contest of Answer of Garnishee.*

1. *Answer of garnishee; when no indebtedness shown.*—Where the employer of the defendant in a garnishment suit requests the garnishee, who is indebted to said employer, to pay to the defendant money due him from the employer, as a payment of the debt due the employer from the garnishee, the money thus paid to the defendant by the garnishee was not money in the hands of the garnishee belonging to the defendant, by reason of the request of his employer, but was the payment of the debt due from the garnishee to said employer; and such facts, disclosed on the contest of the answer of a garnishee, denying indebtedness to the defendant, will not support a judgment against said garnishee.

2. *Judgment against garnishee, should not exceed judgment against defendant.*—In a garnishment suit, the judgment against the garnishee should not be for a sum greater than the amount of the judgment against the defendant.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

R. J. Tillman, the appellee, recovered a judgment against one Jule Nicholson, and upon said judgment there was issued a writ of garnishment, which was served on the appellant, the Howard-Harrison Iron Company. The proceedings in the case at bar were had upon a contest of the answer of the garnishee. The facts of the case are sufficiently stated in the opinion. On the hearing of said contest there was a judgment rendered

against the garnishee, who now takes an appeal, and assigns as error the rendition of said judgment.

THOMAS W. OWEN, for appellant.—Judgment should not have been rendered against the garnishee, because there was not such a demand as that the defendant, Jule Nicholson, could have recovered in an action of assumpsit or debt against said garnishee, and hence the plaintiff had no right of recovery.—*Whorley v. M. & C. R. R. Co.*, 72 Ala. 20 ; *Harrell v. Whitman*, 19. Ala. 135 ; *Henry v. Murphy & Co.*, 54 Ala. 246 ; *Jones v. Cross*, 64 Ala. 368; *Toomer v. Randolph*, 60 Ala. 356 ; 1 Brick. Dig., 175, §§ 313-14.

LAURENCE Y. LIPSCOMB, *contra.*—When the cashier of the garnishee made up the pay roll for the contractor, Henry John, he separated the amount due the defendant from the money of any other person, and put defendant's name on the envelope. It then became known to the cashier of the garnishee that he had money in his hands which belonged to defendant ;' and for this money the garnishee was liable.—23 Amer. St. Rep. 399 ; 19 Amer. St. Rep. 795.

HEAD, J.—The judgment against the garnishee (appellant) was clearly erroneous. It answered denying indebtedness. Plaintiff contested the answer, and an issue was made up and tried by the court without a jury. The evidence is without a shadow of conflict that the garnishee was not, in any manner whatever, indebted to the defendant, Nicholson, and had no goods, money or effects belonging to him in its possession. One Johnson, the employer of Nicholson and other hands, procured C. W. Harrison, as an act of accommodation, to make out his pay-roll for him and pay off his hands. Harrison was, at that time, cashier of the garnishee. The garnishee owed Johnson a sum of money, and when the time came for Harrison, as cashier, to pay it, Johnson made the request to him, as above stated, to make out his pay-roll and pay off his hands for him, out of the money coming to him, Johnson. Harrison did as requested, and handed to Nicholson, and the other hands, the sums owing them, respectively, by Johnson. We suppose, from the argument of appellee's counsel, that the court acted upon the

idea that the money paid Nicholson was a sum of money in the hands of the garnishee, belonging to Nicholson, by reason of the request of Johnson to Harrison to pay Nicholson the amount for him, which it was thereafter the duty of garnishee to retain to answer the garnishment. Most clearly, such was not true. The money did not become Nicholson's until it was paid to him. Johnson, not the garnishee, was Nicholson's debtor. He, by and through Harrison, paid the debt. In legal effect, the payment, so far as concerned the garnishee, was a payment to Johnson of a sum due and owing to him. It was a payment to Johnson's order, which was the same as payment to him. Upon no principle can the judgment be upheld.

If it had been otherwise properly rendered, the amount of the judgment is incorrect. The plaintiff's judgment against Nicholson was for $5.60 and costs, Aug. 12, 1891. The judgment rendered by the circuit court against the garnishee was for $15.10 and all costs.

The judgment of the circuit court is reversed, and a judgment will be here rendered discharging the garnishee.

Reversed and rendered.